**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0026n.06
Filed: January 9, 2006

**No. 05-3269**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JANE BURRIS, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| RICHARD THORPE, Officer; COLUMBUS | ) | **O P I N I O N** |
| POLICE DEPARTMENT; CITY OF COLUMBUS | ) | |
| | ) | |
| *Defendants-Appellees*. | | |

BEFORE:    **MERRITT, MARTIN, and COLE**, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  Appellant Jane Burris and Appellee Richard Thorpe, a uniformed City of Columbus police officer, engaged in a consensual sexual relationship while Thorpe was HIV-positive.  Burris sued Thorpe and Appellee City of Columbus alleging several state-law causes of action.  She also sued under 42 U.S.C. § 1983, alleging that Thorpe violated her constitutional rights by engaging in sexual intercourse with her while he was on duty and while he knew that he was HIV-positive, and that the City of Columbus was responsible to her for Thorpe's alleged constitutional violation.  The district court granted summary judgment to Appellees on all counts.  Burris appeals the dismissal of her § 1983 claims against the City and the district court's *sua sponte* grant of summary judgment in favor of Thorpe.  For the following reasons, we **AFFIRM** the judgments of the district court.

## I.  Background

In the Spring of 1998, Burris participated in a so-called "citizen ride-along" with Thorpe. Over the course of the next seventeen months, Burris joined Thorpe in eight to ten official ride-alongs, and several "unofficial" ride-alongs.  During this period, Burris and Thorpe developed a consensual sexual relationship.  Their sexual encounters occurred at Burris's home in Tiffin, Ohio, during ride-alongs, at motels, in city parks, at Burris's friend's house, at Burris's father's house, in the Brice Village City Building, and at Thorpe's residence.  These encounters occurred both while Thorpe was on and off duty.  By Burris's own admission, she engaged in intercourse with Thorpe "[f]ar more off duty than on duty."

At some point in 1998, Thorpe informed the Columbus Police Department ("CPD") that he was HIV-positive.  The CPD did not limit Thorpe's responsibilities as a police officer after this revelation. On February 26, 2000, Thorpe informed Burris that he was HIV-positive.  On or about March 15, 2000, Burris filed a complaint about Thorpe with the CPD, alleging that he was HIV-positive and had unprotected intercourse with her while he was on duty.  The CPD immediately commenced an investigation of Thorpe for "inattention to duty" and "unbecoming conduct." Her complaint with the CPD notwithstanding, Burris engaged in sexual intercourse at least two more times with Thorpe after she learned of his HIV-positive status and after she had filed her complaint with the CPD.  In fact, Burris continued to engage in "non-intercourse" sexual activity for approximately nine months after learning that Thorpe was HIV-positive.  Burris insists that her sexual activities with Thorpe after learning of his HIV condition was protected, i.e. they used

condoms, while the pre-revelation intercourse was unprotected.  To date, Burris has never tested HIV-positive.

Prior to filing the complaint with the CPD, Burris never told anyone at the CPD that she had engaged in sexual intercourse with Thorpe either while he was on duty or off duty.  As a result of the CPD's investigation, Thorpe was charged criminally and was terminated from the CPD.

On February 26, 2002, Burris sued the City of Columbus and Thorpe pursuant to 42 U.S.C. § 1983 claiming that her Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. Burris also sued claiming several state-law tort causes of action.  Thorpe did not answer the complaint.  The district court granted summary judgment to the City on September 22, 2004.  The district court granted summary judgment to Thorpe, *sua sponte*, on January 13, 2005.  Burris has appealed the district court's grant of summary judgment to the City on her federal claims and has appealed the district court's grant of summary judgment on all claims as to Thorpe.

## II.  Discussion

### A.  Standard of Review

When summary judgment is granted *sua sponte*, the district court's "decision is subject to two separate standards of review. The substance of the district court's decision is reviewed *de novo* under the normal standards for summary judgment. The district court's procedural decision to enter summary judgment *sua sponte*, however, is reviewed for abuse of discretion." *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (quoting *Shelby County HealthCare Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (internal citations omitted)).  "A district court does not abuse its discretion in *sua sponte* granting summary

judgment so long as 'the losing party was on notice that it had to come forward with all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court.'" *Id*. (internal citations omitted). We otherwise review a grant of summary judgment *de novo*. *Cincinnati Ins. Co. v. Zen Design Group, LTD*, 329 F.3d 546, 551–52 (6th Cir. 2003).

## B. Summary Judgment for Thorpe

We conclude that the district court did not abuse its discretion in granting summary judgment in favor of Thorpe. The issues pertaining to the City and Thorpe were identical. Therefore, Burris was on notice that she had to come forward with all her evidence, and she had a reasonable opportunity to respond to all the issues.

First, the district court correctly found that Burris's causes of action under state criminal law for sexual battery and assault were not actionable and should be dismissed as the state statutes alleged do not create a private cause of action.

Second, the district court correctly found that Burris's claim under O.R.C. § 3701.81(A), which creates a private cause of action for someone who has been negligently exposed to a contagious disease, does not allow recovery unless the plaintiff actually has contracted the disease. *See Mussivand v. David*, 544 N.E.2d 265, 269 (Ohio 1989) ("a person who negligently exposes another to an infectious or contagious disease, *which such other thereby contracts*, is liable in damages therefor." (emphasis added) (citation omitted)). It is undisputed that Burris never contracted HIV. Therefore, she has no claim under O.R.C. § 3701.81(A)..

Finally, the district court did not err in its determination that Thorpe was not acting under color of state law and, therefore, was not liable under § 1983. *See Mills v. City of Barbourville*, 389

F.3d 568, 574 (6th Cir. 2004) ("In order to prevail on a Section 1983 claim, a plaintiff must establish the violation of a constitutional right by a person acting under color of state law." (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970))).

The operative factor in determining if a person is acting under color of state law is "whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law. . . *the acts of state officials 'in the ambit of their personal pursuits' do not constitute state action*." *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001) (emphasis added) (citation omitted).

> Accordingly, a defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. *See McNeese v. Vandercook*, 1999 U.S. App. LEXIS 3405, No. 97-6512, 1999 WL 133266, \*2 (6th Cir. Feb. 25, 1999) (unpublished table decision) (holding that a deputy sheriff who struck a fellow deputy did not act under color of state law); *Mooneyhan v. Hawkins*, 1997 U.S. App. LEXIS 30223, No. 96-6135, 1997 WL 685423, \*4 (6th Cir. Oct. 29, 1997) (unpublished table decision) (*holding that a police officer did not act under color of state law when he took advantage of his friendship with the plaintiff, not his authority as a police officer, to rape her*); *D.T. by M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1188 (10th Cir. 1990) (holding that a teacher who molested three students at a basketball camp during summer vacation had not acted under color of state law). For the purposes of a state-action analysis, there can be no pretense of acting under color of state law if the challenged conduct is not related in some meaningful way either to the actor's governmental status or to the performance of his duties. *See Zambrana-Marrero v. Suarez-Cruz*, 172 F.3d 122, 126 (1st Cir. 1999).

*Id*. (emphasis added). It is axiomatic that "the conduct allegedly causing the deprivation of a constitutional law must be 'fairly attributable' to the state." *Id*. (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "The fact that a police officer is on or off duty, or in or out of uniform is not controlling. 'It is the nature of the act performed, not the clothing of the actor or even the

status of being on duty, or off duty, which determines whether the officer has acted under color of law.'" *Stengel v. Belcher*, 533 F.2d 438, 441 (6th Cir. 1975) (quotation omitted).

As the district court noted:

> In this case, the nature of the act — consensual sexual intercourse — was purely personal and private. It was not part of Thorpe's official responsibilities, and there is no evidence that Thorpe intended to act in an official capacity. The conduct certainly furthered no governmental interest and was not related in any meaningful way to Thorpe's status as a police officer. Neither was this consensual sexual relationship aided "by any indicia of actual or ostensible state authority." While Ms. Burris may have been attracted to Thorpe in part because he was a police officer, she willingly entered into a long-term consensual sexual relationship with him. Plaintiff concedes that [Thorpe] never used his position as a police officer to coerce her to have sex with him, or to prevent her from breaking off the relationship.

Simply put, when Thorpe was engaging in sexual intercourse with Burris, even when he was on duty and in uniform, he was not acting under color of state law. As Thorpe was not acting under color of state law, we need not decide if Burris's constitutional rights were implicated. Therefore, Burris's § 1983 claim against Thorpe must fail.

## C. Summary Judgment for the City of Columbus

A municipality may be held liable in a § 1983 claim under *respondeat superior* or vicarious liability, *Monell v. New York City Dep. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978), if the plaintiff can establish that her injury was a direct result of the City's official policy or custom. *Cummings v. City of Ackron*, 418 F.3d 676, 684–85 (6th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). However, a municipality can only be held liable under § 1983 if the officer inflicted a constitutional deprivation. *Scott v. Clay County, Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000), *cert. denied*, 531 U.S. 874 (2000) ("[O]ur conclusion that no officer-defendant had deprived

the plaintiff of any constitutional right *a fortiori* defeats the claim against the County as well.");

*Claybrook v.Birchwell*, 199 F.3d 350, 361 (6th Cir. 2000) ("[B]ecause the charged official conduct

did not inflict any constitutional deprivation [the officer's supervisor] cannot be liable to her for any

alleged neglect to train or supervise those officers, or failure to develop appropriate. . . policies.").

As discussed *supra*, Thorpe did not act under color of state law.  Therefore, Burris cannot

prevail under § 1983 against the City of Columbus.

### III.  Conclusion

For the preceding reasons, we **AFFIRM** the judgments of the district court in all respects.

**MERRITT, Circuit Judge, concurring.** I concur in the Court's disposition of this frivolous case. Here a woman voluntarily engaged in sex with a police officer many times over a long time and then sues the officer and the police department for a federal constitutional violation. In a legal world in which frivolous lawsuits are so frequent that judges have become inured to them and treat them as though they were serious cases, this one takes the cake. I have reviewed many frivolous cases in my years on the bench, but I suppose it is the voluntary sexual element that makes it seem the most ludicrous one that I can remember. Counsel for Ms. Burris, Jeffrey Moore of Columbus, obviously is unable to distinguish between a case that has no possibility of success and one based on a hope and a prayer. We will wait to see how the City Attorney's Office thinks that costs should be handled.