[Cite as *Pariano v. Perrotti*, 2019-Ohio-4219.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KELLI PARIANO

    Appellee

    v.

MICHAEL PERROTTI

    Appellant

C.A. No.     19CA0023-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17CIV0860

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

HENSAL, Judge.

{¶1}   Michael Perrotti appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}   Ms. Pariano and Mr. Perrotti began dating in early 2015, and had unprotected sexual intercourse for the first time on February 14, 2015. According to Ms. Pariano, she and Mr. Perrotti discussed their sexual histories prior to having sex, and Mr. Perrotti indicated that he had no sexually transmitted infections. Less than a month later, after having unprotected sex several more times together, Ms. Pariano and Mr. Perrotti travelled to Mexico for a four-day vacation. While there, they had unprotected sex at least once a day. According to Ms. Pariano, Mr. Perrotti told her that he had the herpes simplex virus 2 ("HSV-2") a few days into their trip. According to Mr. Perrotti, he told Ms. Pariano that he thought he had HSV-2 in January 2015, well before they had sex for the first time on February 14, 2015. Ms. Pariano disputed this,

testifying that she never would have had unprotected sex with Mr. Perrotti had she known he had HSV-2. Regardless, there is no dispute that Ms. Pariano continued to have unprotected sex with Mr. Perrotti for the remainder of their trip to Mexico after he told her that he had HSV-2. According to Ms. Pariano, she continued to have unprotected sex with him because she assumed Mr. Perrotti had already infected her with HSV-2. Upon returning from Mexico, their relationship ended.

{¶3} In April 2015, Ms. Pariano went to the hospital with complaints of painful urination. She also presented with a labial lesion, which the doctor swabbed for laboratory testing. The doctor treated Ms. Pariano for a urinary tract infection, and – despite not having the laboratory results yet – prescribed her a medication that treats HSV-2. While there was some confusion as to when and how Ms. Pariano was informed of the laboratory test results, there was no dispute at trial that Ms. Pariano tested positive for HSV-2.

{¶4} Ms. Pariano sued Mr. Perrotti, asserting causes of action for battery and negligence. Mr. Perrotti moved for summary judgment, which the trial court denied. The matter then proceeded to a jury trial. At the close of Ms. Pariano's evidence, defense counsel moved for a directed verdict, arguing that Ms. Pariano's negligence claim was barred by the doctrine of primary assumption of the risk. More specifically, defense counsel argued that Ms. Pariano knowingly and voluntarily exposed herself to the risk of contracting HSV-2 when she had unprotected sex with Mr. Perrotti after he told her he thought he had HSV-2. The trial court denied Mr. Perrotti's motion. Defense counsel moved for a directed verdict at the close of all the evidence, again arguing the doctrine of primary assumption of the risk, and further arguing that the evidence failed to establish causation, that is, that Mr. Perrotti infected Ms. Pariano with HSV-2. The trial court denied the motion.

{¶5}    Prior to instructing the jury, defense counsel objected to the trial court's refusal to give an instruction on comparative negligence/assumption of the risk. Defense counsel argued that Ms. Pariano "had an affirmative obligation to take reasonable measures to protect herself, either abstaining from sex with Mr. Perrotti or, minimally, insisting on barrier protection[,]" and that her failure to do so was negligent. The trial court rejected defense counsel's argument, and declined to instruct the jury on comparative negligence/assumption of the risk.

{¶6}    The jury ultimately determined that Mr. Perrotti did not commit battery but, by a vote of 6-2, that he was negligent, and that his negligence proximately caused harm to Ms. Pariano. The jury awarded Ms. Pariano $25,000 in economic damages, and $75,000 in non-economic damages, for a total award of $100,000. Mr. Perrotti has appealed, raising four assignments of error for this Court's review. To facilitate our review, we will address his first assignment of error last.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A DIRECTED VERDICT AT THE END OF PLAINTIFF'S CASE AND AT THE CLOSE OF EVIDENCE.

{¶7}    In his second assignment of error, Mr. Perrotti argues that the trial court erred by denying his motion for a directed verdict at the close of Ms. Pariano's evidence, and at the close of all the evidence. He argues that Ms. Pariano's negligence claim was legally barred by the doctrine of primary assumption of the risk because Ms. Pariano knowingly and voluntarily continued to have sex with him after he told her that he thought he had HSV-2. He also argues that the trial court ignored case law indicating that both parties in a sexual relationship must take reasonable precautions to protect themselves against sexually transmitted infections.

**{¶8}** "A motion for a directed verdict may be made on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." Civ.R. 50(A). "When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury." *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68 (1982). A trial court must grant a motion for a directed verdict after the evidence has been presented if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, * * * reasonable minds could come to but one conclusion upon the evidence submitted * * *." Civ.R. 50(A)(4); *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 16. "By the same token, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977). Because a motion for a directed verdict presents a question of law, our review is de novo. *Spero v. Avny*, 9th Dist. Summit No. 27272, 2015-Ohio-4671, ¶ 17, citing *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 6.

**{¶9}** We begin our review with a recitation of the law as it relates to negligence under these circumstances. "A plaintiff alleging negligence must prove that the defendant owed plaintiff a duty, that the defendant breached the duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." *Steiner v. Ganley Toyota-Mercedes Benz*, 9th Dist. Summit No. 20767, 2002-Ohio-2326, ¶ 11, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). Regarding Mr. Perrotti's duty, "[a] person who knows, or should know, that he or she is infected with a venereal disease has the duty to abstain from sexual conduct or, at a minimum, to warn those persons with whom he or she expects to have sexual

relations of his or her condition."[1] *Mussivand* at paragraph one of the syllabus. Revised Code Section 3701.81(A) supports this duty, providing that:

> No person, knowing or having reasonable cause to believe that he is suffering from a dangerous, contagious disease, shall knowingly fail to take reasonable measures to prevent exposing himself to other persons, except when seeking medical aid.

A violation of this statute, "which creates a private cause of action for someone who has been negligently exposed to a contagious disease," does not constitute negligence per se. *Burris v. Thorpe*, 166 Fed.Appx. 799, 801 (6th Cir.2006); *Mussivand* at 320. Rather, the statute "sets forth a standard of due care which should be exercised by a reasonably prudent person under the circumstances." *Mussivand* at 320.

{¶10} As previously noted, defense counsel moved for a directed verdict after the close of Ms. Pariano's evidence, arguing that Ms. Pariano's negligence claim was barred by the doctrine of primary assumption of the risk. "Primary assumption of the risk means that a defendant owes no duty whatsoever to the plaintiff." *Horvath v. Ish*, 134 Ohio St.3d 48, 2012-Ohio-5333, ¶ 18. "Underlying this judicially created doctrine is the notion that certain risks are so inherent in some activities that they cannot be eliminated." *Otterbacher v. Brandywine Ski Ctr., Inc.*, 9th Dist. Summit No. 14269, 1990 WL 72327, *4 (May 23, 1990).

{¶11} Here, Ms. Pariano testified that she did not have HSV-2 prior to having unprotected sex with Mr. Perrotti. Her medical records corroborated this to the extent that they contained no indication that she had HSV-2 prior to April 2015, although there was also no indication that she had ever been specifically tested for it. Ms. Pariano also testified that Mr. Perrotti did not tell her that he had HSV-2 until they were in Mexico (which was after they had

---

[1] We note that Mr. Perrotti has not challenged the fact that he knew or should have known that he had HSV-2.

unprotected sex multiple times), and that she tested positive for HSV-2 several weeks after returning from Mexico.

{¶12} Defense counsel argued that Ms. Pariano knowingly and voluntarily exposed herself to the risk of contracting HSV-2 when she had unprotected sex with Mr. Perrotti after he told her he thought he had HSV-2. While Ms. Pariano did testify that she continued to have unprotected sex with Mr. Perrotti after he told her that he had HSV-2 in Mexico, that fact – in and of itself – does not defeat her negligence claim. Mr. Perrotti had a duty to disclose his venereal disease to Ms. Pariano prior to having sex with her on February 14, 2015. *See Mussivand*, 45 Ohio St.3d 314, at paragraph one of the syllabus. According to Ms. Pariano, he failed to do this and, as a result, she contracted HSV-2. To the extent that these facts raise an issue relative to causation (i.e., whether Mr. Perrotti infected Ms. Pariano before or after he told her he had HSV-2), causation and the existence of a duty are two separate elements to a negligence claim. *Steiner*, 2002-Ohio-2326, at ¶ 11. Construing the evidence most strongly in favor of Ms. Pariano, we cannot say that the trial court erred by rejecting defense counsel's primary-assumption-of-the-risk argument and denying the motion for a directed verdict at the close of Ms. Pariano's evidence.

{¶13} We now turn to the motion for a directed verdict that defense counsel made at the close of all the evidence. At that point, defense counsel argued that Ms. Pariano failed to establish causation, and again argued that her negligence claim was barred by the doctrine of primary assumption of the risk. Defense counsel's argument relative to primary assumption of the risk echoed his prior argument and, for the same reasons articulated above, we again hold that the trial court did not err by rejecting that argument. To the extent that defense counsel argued that engaging in unprotected sex is an inherently dangerous activity that relieved Mr.

Perrotti of any duty to disclose his venereal disease, the trial court did not err by rejecting that argument. The law clearly imposes a duty on persons infected with a venereal disease to warn sexual partners of their condition prior to engaging in sexual conduct. *See Mussivand*, 45 Ohio St.3d 314, at paragraph one of the syllabus; R.C. 3701.81(A).

{¶14} Regarding causation, defense counsel argued that the medical experts who testified agreed that without serological testing from the parties before and after they had unprotected sex for the first time, there was no medical way of knowing whether and/or when Mr. Perrotti infected Ms. Pariano with HSV-2. This is a challenge to the lack of direct evidence to prove that Mr. Perrotti infected Ms. Pariano with HSV-2. It, however, ignores the fact that direct evidence is not required; a plaintiff can establish negligence through circumstantial evidence. *McComis v. Baker*, 40 Ohio App.2d 332, 336 (2d Dist.1974) ("The law does not require every fact and circumstance which makes up a case of negligence to be proved by direct and positive evidence * * *."). The lack of direct evidence "is not fatal where the chain of circumstances leads to a conclusion which is more probable than any other hypothesis reflected by the evidence." *Id.* Here, Ms. Pariano testified that Mr. Perrotti did not tell her that he had HSV-2 prior to having unprotected sex with her and that, as a result, he infected her with HSV-2. Again, her medical records corroborated this to the extent that they contained no indication that she had HSV-2 prior to April 2015, two months after beginning a sexual relationship with Mr. Perrotti. Construing this evidence most strongly in favor of Ms. Pariano, we cannot say that the trial court erred by denying Mr. Perrotti's motion for a directed verdict at the close of all the evidence. In light of the foregoing, Mr. Perrotti's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON COMPARATIVE NEGLIGENCE AND REJECTING APPELLANT'S PROPOSED JURY INSTRUCTION ON COMPARATIVE NEGLIGENCE.

{¶15} In his third assignment of error, Mr. Perrotti argues that the trial court erred by failing to instruct the jury on comparative negligence. He argues that Ms. Pariano willingly engaged in unprotected sex with him, and that the jury should have been allowed to consider the reasonableness of her actions, and to apportion negligence accordingly.

{¶16} "When reviewing a trial court's jury instructions, this Court reviews the record to determine whether the trial court's decision to give or decline to give a requested jury instruction constitutes an abuse of discretion under the facts and circumstances of the case." *State v. Staab*, 9th Dist. Lorain No. 04CA008612, 2005-Ohio-3323, ¶ 6. "The term 'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶17} Prior to instructing the jury, defense counsel objected to the trial court's refusal to give an instruction on comparative negligence. Defense counsel argued that Ms. Pariano "had an affirmative obligation to take reasonable measures to protect herself, either abstaining from sex with Mr. Perrotti or, minimally, insisting on barrier protection[,]" and that her failure to do so was negligent. In support of his position, defense counsel cited a New York case wherein the court stated:

> A person assumes the risk where he voluntarily subjects himself to a peril known to him or generally observable by a person of ordinary prudence in his situation[.] In the same vein, persons who engage in *unprotected* sex, at a time of the prevalence of sexually transmitted diseases, including some that are fatal, assume the risk of contracting such diseases. Both parties in an intimate relationship have

> a duty to adequately protect themselves. When one ventures out in the rain without an umbrella, should they complain when they get wet?

(Emphasis sic.) *Doe v. Roe*, 598 N.Y.S.2d 678, 681 (N.Y.Just.Ct.1993).

**{¶18}** The trial court rejected defense counsel's argument, noting that neither it, nor defense counsel, was able to locate any Ohio law that supported a comparative negligence instruction under these circumstances. It explained that if Ms. Pariano was negligent for having unprotected sex, then Mr. Perrotti was also negligent for having unprotected sex, and that it did not want to go down that "rabbit hole[.]" It further explained that if the jury concluded that Mr. Perrotti told Ms. Pariano that he had HSV-2 prior to having unprotected sex with her, then he met his duty under the law and, accordingly, was not negligent.

**{¶19}** Mr. Perrotti's argument regarding comparative negligence under these circumstances is flawed. The first element of a negligence claim is the existence of a duty. Here, there can be no dispute that Mr. Perrotti had a duty to disclose his venereal disease to Ms. Pariano prior to engaging in sexual conduct with her. He either did, or he did not. If he did, then Ms. Pariano's negligence claim would fail as a matter of law, thereby obviating any need for a comparative-negligence instruction. If he did not, then the issue becomes whether his failure to do so proximately caused Ms. Pariano to be infected with HSV-2. Only after proximate cause is established would comparative negligence potentially become relevant. But the only justification for a comparative-negligence instruction under these facts would be that Ms. Pariano was negligent solely because she had unprotected sex. This Court, like the trial court, does not find Mr. Perrotti's reliance on a New York case from 1993 to be persuasive, and he has pointed to no Ohio law that supports his position. We hold that the trial court did not err by refusing to instruct the jury on comparative negligence and, accordingly, overrule Mr. Perrotti's third assignment of error.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE, NEW TRIAL.

{¶20} In his fourth assignment of error, Mr. Perrotti argues that the trial court erred by denying his motion for judgment notwithstanding the verdict or, in the alternative, his motion for a new trial. We will address each motion in turn.

{¶21} Under Civil Rule 50(B), after the jury's verdict is entered in the trial court's judgment, the losing party may move to have the judgment set aside. Judgment notwithstanding the verdict pursuant to Civil Rule 50(B) "is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Williams v. Spitzer Auto World, Inc.*, 9th Dist. Lorain No. 07CA009098, 2008-Ohio-1467, ¶ 9. If, however, "there is substantial evidence to support [the non-moving party's] side of the case, upon which reasonable minds may reach different conclusions, the motion [for judgment notwithstanding the verdict] must be denied." *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 15, quoting *Osler v. City of Lorain*, 28 Ohio St.3d 345, 347 (1986). When considering a motion for judgment notwithstanding the verdict, a court must consider neither the weight of the evidence nor the credibility of the witnesses. *Osler* at syllabus. We review a trial court's ruling on a motion for judgment notwithstanding the verdict de novo. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 4.

{¶22} In his motion for judgment notwithstanding the verdict, Mr. Perrotti argued that the trial court should set aside the jury's verdict because there was no medical evidence indicating that he infected Ms. Pariano with HSV-2. More specifically, he argued that there was

no way of establishing proximate cause absent serological testing done before and after the parties had unprotected sex for the first time. We reject this argument for the same reasons previously articulated in our analysis of Mr. Perrotti's second assignment of error. Accordingly, we hold that the trial court did not err by denying Mr. Perrotti's motion for judgment notwithstanding the verdict. We now turn to his motion for a new trial.

{¶23} Civil Rule 59 governs motions for a new trial, providing, in part, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * [e]xcessive or inadequate damages," * * * [t]he judgment is not sustained by the weight of the evidence[,] * * * [t]he judgment is contrary to law[, and] * * * [e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application." Civ.R. 59(A)(4), (6), (7), and (9). "Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Calame v. Treece*, 9th Dist. Wayne No. 07CA0073, 2008-Ohio-4997, ¶ 13, citing *Rohde v. Farmer*, 23 Ohio St.2d 82 (1970), paragraphs one and two of the syllabus. "[W]hen the basis of the motion involves a question of law, the de novo standard of review applies, and when the basis of the motion involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 32.

{¶24} In his motion for a new trial, Mr. Perrotti again argued that Ms. Pariano's negligence claim was barred by the doctrine of primary assumption of the risk, and that the trial court erred by failing to instruct the jury on comparative negligence. For the reasons previously articulated in our analysis of Mr. Perrotti's second and third assignments of error, we hold that

the trial court did not err by rejecting those arguments. Mr. Perrotti's motion also summarily concluded that the judgment was against the weight of the evidence, and that the jury award resulted in excess damages to Ms. Pariano. He, however, developed no argument in support of those positions. To the extent that Mr. Perrotti has developed an argument on appeal relative to the damage award, this Court will not address it in the first instance. *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12 ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance."). In light of the foregoing, Mr. Perrotti's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS NOVEMBER 6, 2018 JOURNAL ENTRY
WITH INSTRUCTIONS FOR SERVICE DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT.

{¶25} In his first assignment of error, Mr. Perrotti argues that the trial court erred by denying his motion for summary judgment because Ms. Pariano knowingly and voluntarily assumed the risk of contracting HSV-2 from him. Upon review of the record, we conclude that this issue is moot. The Ohio Supreme Court has held that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150 (1994), syllabus. At trial, the parties offered conflicting testimony as to when Mr. Perrotti informed Ms. Pariano that he had HSV-2. Under these facts, that alone demonstrates that a genuine issue of material fact existed. As a result, Mr. Perrotti's first assignment of error is moot, and is overruled on that basis. *See Besancon v. Cedar Lane Farms, Corp.*, 9th Dist. Wayne No. 16AP0003, 2017-Ohio-347, ¶ 11.

III.

**{¶26}** Mr. Perrotti's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KEVIN J. BREEN, Attorney at Law, for Appellant.

L. RAY JONES, Attorney at Law, for Appellee.