[Cite as *State v. Miller*, 2021-Ohio-286.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   |                           |
|------------------------|---|---------------------------|
|                        |   | JUDGES:                   |
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.  |
|                        | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee     | : | Hon. Earle E. Wise, J.    |
|                        | : |                           |
| -vs-                   | : |                           |
|                        | : | Case No. 2020 CA 00024    |
| TRISHA MILLER          | : |                           |
|                        | : |                           |
| Defendant-Appellant    | : | OPINION                   |


CHARACTER OF PROCEEDING:          Criminal appeal from the Fairfield County
                                  Court of Common Pleas, Case No. 2015-
                                  CR-360

JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           February 2, 2021

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

MARK A. BALAZIK                   THOMAS R. ELWING
Assistant Prosecuting Attorney    60 West Columbus Street
Fairfield County Prosecutor's Office   Pickerington, OH 43147
239 West Main Street, Ste. 101
Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Appellant Trisha Miller appeals the April 23, 2020 judgment entry of the Fairfield County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On September 25, 2015, appellant was charged with two counts of grand theft under R.C. 2913.02, felonies of the fourth degree, and one count of tampering with records under R.C. 2913.42, a felony of the third degree. Pursuant to a negotiated plea agreement, appellant agreed to plead guilty to the two counts of grand theft with appellee dismissing the tampering with records count. Appellee and appellant agreed to a jointly recommended sentence of community control with 16-month concurrent prison terms reserved if appellant violated community control.

{¶3} On May 12, 2016, the trial court issued a judgment entry of sentence. The trial court adopted the jointly recommended sentence, sentenced appellant to community control for a period of five years, and included an order to make $250 monthly restitution payments. In the judgment entry, the trial court imposed these specific conditions of community control: report to the community control department monthly; not consume any alcohol or illegal drugs; submit to random drug testing; not ingest or be injected with any drug of abuse; maintain employment; abide by all laws; and make reasonable payments of $250 per month to Fairfield County Job and Family Services toward a restitution amount of $98,685.20 for unlawfully received food assistance and Medicaid benefits.

{¶4} On September 27, 2016, a probation violation warrant was issued for appellant's arrest for failing to report to her probation officer since July of 2016 and leaving

the state.  Appellant was arrested on October 11, 2016.  As a sanction for the probation violations, appellant served thirty days in the Fairfield County Jail.

{¶5}  Appellant's probation officer filed a motion to revoke community control on March 22, 2017.  The probation officer stated appellant violated the following terms and conditions of her community control:  left the State of Ohio without permission; inquired about numerous cash advance loans through different lenders over the internet while using her ex-husband's and daughters' information to obtain those cash advances without their permission; having direct contact with a convicted felon; failed to report to her probation officer; failed to make monthly restitution payments; failed to maintain sobriety; and operated a motor vehicle without permission.

{¶6}  The trial court held a hearing on the motion to revoke on April 12, 2017.  Appellant admitted to violating her community control by leaving the state without permission, failing to maintain good behavior, failing to report to probation, operating a vehicle without permission, and failing to pay restitution.  The trial court imposed the previously reserved 16-month concurrent prison terms in a judgment entry on April 12, 2017.  On June 8, 2017, appellant was granted judicial release and was returned to community control.

{¶7}  On September 23, 2019, a probation violation warrant was issued for appellant's arrest.  Appellant was arrested on March 3, 2020.  Appellant's probation officer stated appellant violated the following terms of her community control:  failed to obey the law; failed to report to the community control department; failed to maintain sobriety; and failed to pay restitution.

{¶8}   The trial court held a hearing on the motion to revoke on April 22, 2020. Appellant stipulated that she violated the following terms of her community control:  failed to maintain good behavior and/or obey the law by being found guilty of misuse of credit cards, a misdemeanor of the first degree, on July 19, 2019, and being found guilty of falsification and driving under suspension on March 2, 2020; failed to report to the community control department as ordered by failing to report in February of 2019 and again in September of 2019; failed to maintain total sobriety by posting pictures of herself on Facebook on May 1, 2019, May 4, 2019, and May 9, 2019; and failed to pay the $250 monthly restitution since February 27, 2018.

{¶9}   At the hearing, counsel for appellant argued the violations were either technical in nature or misdemeanor violations subject to the 180-day sentence limitation.

{¶10}  During the sentencing hearing, the trial court made the following findings:

So, the Court finds, first of all, that this is a non-technical violation. Why is that?  Well, the Defendant was AWOL, from, let's see, February 22nd to when she was arrested September 19th. She had a health issue, served one day in jail, and then she went AWOL again.  In over a year's time, 13-month period, the Defendant was arrested once, was released because of a health issue, and then failed to report.  So she had over a year in non-reporting in a 13-month period.

Also, the Court finds the Defendant has a new criminal conviction. The criminal conviction is a theft-related charge, misuse of credit cards.

And because of these two reasons, the Court is finding there is no non-technical violation – I'm sorry – there is no technical violation. It's a non-technical violation.

{¶11} Further, the trial court later stated at the hearing, "The Court can't do anything if the Defendant doesn't report to probation. And she did not report for a significant time, which makes her violation non-technical, not to mention the new criminal conviction."

{¶12} The trial court entered a judgment entry revoking community control on April 23, 2020, finding appellant violated the terms and conditions of her community control. The trial court ordered appellant to serve the concurrent 16-month prison term, with jail time credit of 135 days.

{¶13} Appellant appeals the April 23, 2020 judgment entry of the Fairfield County Court of Common Pleas and assigns the following as error:

{¶14} "I. THE TRIAL COURT'S PRISON SENTENCE IMPOSED FOR TECHNICAL AND MISDEMEANOR VIOLATIONS OF COMMUNITY CONTROL IS CONTRARY TO LAW BECAUSE IT EXCEEDS THE 180-DAY LIMITATION UNDER R.C. 2929.15(B)(1)(c)(ii) FOR A FELONY OF THE FOURTH DEGREE."

I.

{¶15} In her assignment of error, appellant argues the trial court committed error in imposing a 16-month sentence, as it exceeds the 180-day limitation pursuant to R.C. 2929.15(B)(1)(c)(ii). Appellant specifically contends that, under the totality of the circumstances, the violations of failing to report, consuming alcohol, and failing to pay financial sanctions are technical in nature. Further, that these conditions were not

specifically tailored to address matters related to her misconduct, nor were they substantive rehabilitative requirements designed to address a significant factor contributing to her misconduct.

{¶16}  R.C. 2929.15(B)(1)(c)(ii) provides as follows:

If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(c)  A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶17} The Ohio Supreme Court recently addressed the distinction between technical and non-technical violations of community control in *State v. Nelson*, ---- N.E.3d ----, 2020-Ohio-3690.  The Court held a violation is non-technical if, after considering the totality of the circumstances, the violation concerns "a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant

factor contributing to the defendant's misconduct.'" *Id,* quoting *State v. Davies*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672. On the other hand, a violation of community control is considered technical in nature "when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*

{¶18} In making the determination of whether the violation was technical or non-technical, the Court held the trial court was to consider the totality of the circumstances because there was no one single factor that determined whether a violation was technical or non-technical. *Id.* Further, the determination of whether a violation was a technical violation under R.C. 2929.15(B)(1)(c) does not depend upon whether the conduct at issue is criminal. *Id.*; *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2019-Ohio-4219. The statute allows the trial court to use its discretion and "engage in a practical assessment of the case before it, i.e., to consider the nature of the community control condition at issue and the matter in which it was violated, as well as other relevant circumstances in the case." *Id.*

{¶19} We now consider whether appellant's conduct while on community control constituted a technical violation under R.C. 2929.15(B)(1)(c). Appellant was convicted and sentenced for two counts of grand theft, both fourth-degree felonies. The trial court placed appellant on community control and ordered her to: maintain good behavior; obey the law; report to the community control department; maintain sobriety; and pay monthly restitution.

{¶20} Appellant admitted to multiple violations of community control, including the failure to report, failure to maintain sobriety, failure to obey the law, and failure to pay monthly restitution. Appellee contends the orders were substantive rehabilitation

requirements, which address significant factors contributing to appellant's past misconduct.

{¶21} Considering the totality of the circumstances, including the nature of the community control conditions at issue and the manner in which they were violated, we agree with the trial court's determination that appellant's violations were not technical violations of the terms of her community control. *State v. Meade*, 5th Dist. Delaware No. 19 CAA 12 0067, 2020-Ohio-4857 (finding a non-technical violation when the appellant failed to report and left the state several times); *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-Ohio-5228 (failure to report to probation officer for three years was a non-technical violation); *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151 (appellant's violation was not a technical violation when he failed to report at all for three months).

{¶22} In this case, during a thirteen-month period of time, appellant failed to report to her probation officer for a period of over twelve months. She failed to report on February 22, 2019, until she was arrested on September 19, 2019, a period of 209 days. After she served one day in jail, she had a health issue and was released to her doctor's care. Appellant was supposed to report to the probation officer after being released from her doctor's care, but did not, and failed to report from September 20, 2019, until she was arrested on March 3, 2020 (165 days). The purpose of reporting to probation was to supervise appellant to monitor her sobriety, ensure she would repay her victim, and guard against future financial crimes. No substantive rehabilitative requirements can be met when the probationer fails to report for an extended period of time.

{¶23} Appellant's violations of the conditions were not technical violations. Therefore, the 180-day cap on a prison sentence for a technical violation of R.C. 2929.15(B)(1)(c)(ii) does not apply. We find the trial court did not commit error in sentencing appellant to sixteen months in prison for violations of community control which were non-technical in nature.

{¶24} Appellant's assignment of error is overruled.

{¶25} The April 23, 2020 judgment entry of the Fairfield County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur